UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Eastern District of Kentucky
FILED
JUN - 9 2005
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

CIVIL ACTION NO. 01-cv-205

ROSS BROTHERS CONSTRUCTION
COMPANY,                                                                PLAINTIFF,

v.        **MEMORANDUM OPINION AND ORDER**

MARK WEST HYDROCARBON, INC.,                       DEFENDANT.

\* \* \* \* \* \* \* \*

This matter is before the Court upon the Defendant's Motion for Summary Judgment [Record No. 55]. The Court, having reviewed the record and being otherwise sufficiently advised, hereby sustains the Defendant's motion.

## *FACTS:*

This case arises out of a construction contract dispute between the named parties – Ross Brothers Construction Company ("Ross Brothers") and Mark West Hydrocarbon, Inc. ("Mark West"). On November 3, 1999, Ross Brothers contracted with Mark West to upgrade Mark West's natural gas processing facility in Siloam, Kentucky, for the lump sum price of $1,114,944.00. Over the course of the project, Ross Brothers performed additional work beyond the scope of the original contract. The parties now disagree as to the monetary value of the

additional work. According to Ross Brothers, it performed additional work valued at approximately $1.2 million. Mark West, on the other hand, maintains that the actual value of those changes is less than half that amount.[1]

The contract at issue set forth a detailed process to review change orders and resulting cost increases arising during the course of the project. Yet, due to time constraints, the parties agreed that they would negotiate change order disputes after Ross Brothers completed the project. Shortly after Ross Brothers completed the project in approximately February 2000, Ross Brothers submitted change invoices for additional work totaling $1,183,999.97. Mark West maintains that it could not determine from the change invoices and supporting documentation whether work covered under the original contract was incorrectly invoiced as additional work.

The parties met in February 2000 to negotiate a resolution – but to no avail. Thereafter, Mark West performed an independent analysis and enlisted the help of a professional estimator to determine whether Ross Brother's change invoices were reasonable. When the Parties met again on April 6, 2000, Defendant submitted it own estimate that the extra work should have totaled approximately

---

[1] Mark West takes issue with Ross Brother's alleged failure and refusal to submit documentation to substantiate its claims.

$279,087.00. Negotiations proved unsuccessful when Ross Brothers' vice president rejected the offer and walked out of the meeting. On April 14, 2000, Mark West requested that Ross Brothers supplement its Change Invoices. However, in response, Ross Brothers produced similar documents and *a higher demand than the total of the original change invoices*.

On July 10, 2000, Mark West tendered a check to Ross Brothers in the amount of $449,718.00.[2] In the conveyance letter accompanying the check, Mark West set forth its reasons for denying payment and informed Ross Brothers that "[t]his payment represents the full and final payment of any and all amounts due Ross Brothers under the captioned contract, and Ross Brothers negotiation of this check represents Ross Brother's understanding and concurrence of foregoing." The face of the check itself read "full and final payment under contract dated October 29, 1999." Upon receipt, Ross Brothers struck this notation, wrote "no/under protest," and thereafter negotiated the check. To date, Ross Brothers has not tendered back the amount of the check.

On October 26, 2001, Ross Brothers filed the instant lawsuit, alleging

---

[2] In February 2000, Mark West paid Ross Brothers $100,000.00 "pending the outcome of cost evaluation discussions planned for a later date." In sum, Mark West paid $549,718.00 for the additional work and $1,664,662.00 for the entire project, which was almost half of what Ross Brothers claims it is owed for the additional work and 150% of the original lump sum contract price.

-3-

breach of contract and seeking payment of the remaining $734,281.79 invoiced for additional work. Subsequently, on February 14, 2002, Mark West filed a Motion for Summary Judgment, asserting the defense of accord and satisfaction. Ross Brothers challenged the motion, arguing that because Mark West had tendered payment in *bad faith*, the requirements of a valid accord and satisfaction were not satisfied. The Court denied Mark West's Motion for Summary Judgment on June 3, 2002, concluding that: (1) contested issues of material fact existed; (2) "good faith" was therefore an issue of fact to be determined by the jury; and, (3) the motion was premature because it was not apparent that any discovery had been conducted.

Since that time, the parties have completed discovery on previously contested issues. On May 6, 2005, Mark West filed the instant Motion for Summary Judgment, re-arguing its accord and satisfaction defense. The Plaintiff continues to oppose the motion on the basis that Mark West does not satisfy the requirements of an accord and satisfaction. The Court disagrees. For the reasons set forth more fully herein, the Court concludes that the Defendant's most recent Motion for Summary Judgment must be sustained.

## *ANALYSIS:*

Pursuant to the Federal Rules of Civil Procedure, a defendant may move for

summary judgment in its favor as to all or any part of the claims asserted against it by the plaintiff. *See* Fed. R. Civ. P. 56(b). When a party moves for summary judgment, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Cox v. Ky. Dep't of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989)); Fed. R. Civ. P. 56(c).

The Sixth Circuit Court of Appeals evaluates motions for summary judgment in terms of a ten point guideline. *Street, supra*. Under this ten point guideline, "the inquiry on a summary judgment motion...is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id* at 1479. To resist a motion for summary judgment, the responding party "must adduce more than a scintilla of evidence to overcome the motion." *Id*. Rather, the responding party must present "affirmative evidence." *Id*. If no such evidence is adduced by the responding party, then an award of summary judgment is appropriate. *Id* at 1480.

Applying this standard, the Court now turns to the merits of Defendant's Motion for Summary Judgment, wherein it raises the defense of accord and

satisfaction. Under Kentucky law, in order to successfully assert an accord and satisfaction defense, the defendant must prove that: (1) payment was tendered in good faith in full satisfaction of the Plaintiff's claim; (2) the amount of the claim was unliquidated or the subject of a bona fide dispute; (3) the Plaintiff obtained payment of the instrument; and (4) the "instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." KRS § 355.3-311(1-2); *See also, Morgan v. Crawford*, 106 S.W.3d 480, 81-82 (Ky. App. 2003). If the Defendant proves each of the four elements, then the Plaintiff's claim is discharged, so long as neither one of the exceptions found in KRS § 355.3-311(3) applies. *Id.*

Here, the Defendant argues that it has met the elements of a valid accord and satisfaction. Specifically, it asserts that it tendered payment to Ross Brothers in good faith, which Ross Brothers accepted despite clear warning that payment was tendered in full satisfaction of the debt. Ross Brothers, however, argues that genuine issues of material fact exist as to whether Mark West tendered payment in good faith or whether the debt was the subject of a bona fide dispute at the time of payment.[3]

---

[3] The Plaintiff does not dispute that it received payment or that Mark West's check and letter contained conspicuous statements indicating that the check was tendered in full satisfaction of the claim. Accordingly, the Court declines to address those issues.

The Court will address each of Ross Brothers' arguments in turn. However, as a preliminary matter, the Court notes Ross Brothers' contention that the issue of 'good faith' in the context of the Uniform Commercial Code is an issue of fact, to be decided by a jury, thereby precluding summary judgment. In support of this argument, Ross Brothers references the Court's Memorandum Opinion and Order of June 3, 2002, wherein the Court overruled Mark West's initial Motion for Summary Judgment based, in part, upon the reasoning of *Star Bank v. Parnell*, 992 S.W.2d 189 (Ky. 1998).

Ross Brothers' reliance on *Star Bank* to defeat Mark West's Motion for Summary Judgment is misguided. *Star Bank* does not stand for the proposition that 'good faith' must be submitted to the jury irrespective of a Plaintiff's ability to meet the summary judgment standard. To the contrary, the court in *Star Bank* acknowledged that the issue of good faith need not be submitted to the jury where "the evidence relating to it is no more than a scintilla, or lacks probative value to induce conviction in the minds of reasonable men." *Id.* Indeed, this Court denied Mark West's prior Motion for Summary Judgment because it determined that contested issues of material fact existed on the issue of "good faith." Moreover, the Court determined that the motion was premature because no discovery had been conducted.

The Parties have since conducted discovery on contested issues, and the Court must again determine whether Ross Brothers has produced sufficient evidence to give rise to a material issue of fact, as required to defeat Defendant's Motion for Summary Judgment. If the evidence is "no more than a scintilla," then *Star Bank* is of no consequence.

Ross Brothers' first argument in response to the Defendant's Motion for Summary Judgment is that the payment tendered by Mark West did not constitute a valid accord and satisfaction because Mark West tendered payment in bad faith. The Court notes, however, that Plaintiff makes only three points even arguably related to the tender itself, as opposed to performance of the underlying contract.

First, Ross Brothers argues that the report of its expert witness, David Boggs, establishes Mark West's bad faith. Specifically, Mr. Boggs opined that: "...Mark West's tender of partial payment of the invoiced amount, was not made in good faith, did not have a good faith basis and its effort to take advantage of Ross Brothers is inconsistent with honest and fair dealing within the industry." The Court finds that Mr. Boggs opinion, which is a legal conclusion, is of little assistance in arriving at a decision here. As such, the Court will disregard Mr. Boggs' opinion in evaluating the Defendant's motion.

Next, Ross Brothers argues that Mark West tendered payment in bad faith

-8-

because Mark West desired to exert financial pressure on Ross Brothers. As correctly pointed out by Mark West, however, there is no evidence that Ross Brothers was in any financial distress. To the contrary, Ross Brothers' financial records for 1999-2000 reveal that the company is a subsidiary of Seminole, Inc., whose retained earnings in fiscal years 1999 and 2000 exceeded $5 million. Moreover, Ross Brothers' Treasurer, Liz Hall, testified that Ross Brothers drew on its $6 million line of credit with Community Trust Bank to cover amounts allegedly owed by Mark West.

In response to this evidence, Ross Brothers asserts that its need to resort to the use of credit is evidence of financial distress and argues that because it incurred substantially more than $449,718.00 in overhead for direct costs, Mark West was in bad faith. The Court cannot agree. At no point does Ross Brothers allege that Mark West *had any knowledge of its financial condition at the time of tender*. Specifically, there is no allegation that Mark West had any knowledge of Ross Brothers' overhead for direct costs or whether Ross Brothers' financial condition necessitated resort to a line of credit.

Ross Brothers also contends that Mark West refused to negotiate the amount of payment in good faith. In the words of Ross Brothers, "Mark West did not negotiate a fair payment, and did not even sit down and discuss the amount owed

by [Mark West], but simply told Ross Brothers what it would pay. There was no negotiation. There was no fair and objective analysis."

The Court finds this argument to be unpersuasive. Mark West conducted its own independent analysis and enlisted the assistance of a professional estimator. Mark West also "[sat] down and discuss[ed] the amount owed" – it met with Ross Brothers on two occasions, and the record is replete with the parties' correspondence addressing the invoiced amounts. Mark West was not duty bound to accept Ross Brothers' invoices at face value. The mere fact that Mark West questioned invoices and requested supplementary information, does not, standing alone, amount to bad faith. To the contrary, the fact that Ross Brothers upped the ante in response to those requests does not bode well for Plaintiff in arguing bad faith on the part of Mark West.

In light of the foregoing, the Court concludes that Mark West's tender of nearly $450,000.00 was made in good faith. Ross Brothers has come forward with no evidence to suggest otherwise. Had Mark West offered Ross Brothers a mere pittance, the outcome could have been viewed differently. Instead, Mark West tendered to Ross Brothers a substantial sum of money and set forth detailed reasons for disputing the debt. In the Court's view, this is evidence of good faith rather than bad faith. The fact that Defendant tendered an amount less than what

Plaintiff was demanding, is *not* evidence of bad faith. There is no genuine issue of fact to submit to a rational jury on this issue

Ross Brothers' second argument is that the payment tendered by Mark West does not constitute a valid accord and satisfaction because the debt at issue was not subject to a bona fide dispute. In support of this argument, Ross Brothers contends that Mark West did not dispute the debt in good faith because: (1) Ross Brothers submitted Construction Change Requests, to which Mark West did not object; (2) Mark West signed time sheets and knew extra work was being done; and (3) Mark West orally agreed to all extras, and oral modifications are enforceable. Ross Brothers therefore maintains that it is entitled to recover in quantum meruit for the value of the work performed because Mark West knew or should have known that Ross Brothers was performing extra work.

This argument is without merit. The Defendant has never disputed whether Ross Brothers performed additional work on the project, and the foregoing has no bearing on whether a bona dispute arose as to the actual cost of the additional work. Each side had its reasons for their respective positions. There was a real dispute between the parties and we find and conclude that is no genuine issue of fact that could be submitted to a jury of reasonable people.

Accordingly, for the reasons stated *supra*, the Court concludes that Mark

-11-

West has met the elements of a valid accord and satisfaction under KRS § 355.3-311(1) and (2). Ross Brothers has simply failed to produce affirmative evidence to the contrary, and consequently, there is no genuine issue of material fact.

Further, the Court finds that neither exception delineated under KRS § 355.3-311(3) applies. Under KRS § 355.3-311(3), a debt is not discharged by accord and satisfaction under § 355.3-311(2) where: (1) an organization specifies that an instrument tendered in satisfaction of a debt should be directed to a specific person, office, or place, and the designated person, office, or place does not receive the instrument; or (2) the claimant can prove that it repaid the amount tendered within ninety (90) days. Ross Brothers does not allege that it designated a person, office, or place for receipt of such instruments. Further, Ross Brothers does not deny that, to date, nearly five years following receipt of payment, it has not tendered back the money received from the Defendant. Accordingly, the Court concludes that neither exception to an accord and satisfaction under § 355.3-311(2) applies.

Notwithstanding the Court's analysis under KRS § 355.3-311(2), the Court likewise finds that the Plaintiff's claims are discharged under KRS § 355.3-311(4). The Defendant did not argue this section in its Motion for Summary Judgment; however, the Court concludes that it is applicable. Under § 355.3-311(4), "[a]

claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant...knew that the instrument was tendered in full satisfaction of the claim." Here, the Defendant tendered a check in full satisfaction of a disputed claim, and the check clearly reflected that the Defendant was tendering "full and final payment under [the] contract dated October 29, 1999."

There can be no doubt that Ross Brothers was aware of this fact, as evidenced by its attempt to reserve its rights by way of a "no/under protest" endorsement. Similarly, in *Morgan v. Crawford*, a factually analogous case, the court observed that: "[b]ecause [the Plaintiff] crossed out the restrictive language, presumably believing he could thereby negate the language, there can be no argument that he was unaware the check was tendered in full satisfaction of the claim. It follows that, pursuant to KRS 355.3.311(4), when [the Plaintiff] cashed the check, the claim was discharged." *Morgan, supra* at 481-82. Applying the same analysis, the Court finds that the Plaintiff's claims in this case are discharged pursuant to KRS § 355.3-311(4) in addition to subsection (2).

Finally, the Court notes, and the parties do not dispute, that Kentucky law no longer permits a claimant to avoid an accord and satisfaction by marking "under protest" on the tendered payment. *Morgan, supra* (recognizing the

abrogation of *Ditch Witch Trenching Co. of Ky., Inc. v. C & S Carpentry Services, Inc.*, 812 S.W.2d 171 (Ky. App. 1991) by the legislature's revision of KRS § 355.1-207[4] to reflect that a "reservation of rights" clause does not apply to an accord and satisfaction under KRS § 355.3-311)). Once the claimant accepts a payment that satisfies § 355.3-311's four-part test and fails to tender back payment within 90 days, a valid accord and satisfaction occurs, which thereafter constitutes a complete defense to any attempt by the claimant to enforce its former claims against the former obligor. *Morgan, supra.*

Thus, the Court concludes that, because the Plaintiff has failed to carry its burden in opposing the Defendant's Motion for Summary Judgment, summary judgment is appropriate.

## *CONCLUSION:*

For the reasons discussed herein, the Court concludes that the Defendant has satisfied the elements of a valid accord and satisfaction, which operates as a complete defense to Plaintiff's claims. Because the Plaintiff cannot present any affirmative evidence to overcome this analysis, the Court has no choice but to

---

[4] Specifically, KRS 355.1-207 provides as follows: "(1) A party who, with explicit, reservation of rights, performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest' or the like are sufficient. (2) Subsection (1) of this section does not apply to an accord and satisfaction."

sustain the Defendant's Motion for Summary Judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

(1) the Defendant's Motion for Summary Judgment [Record No. 55] is **SUSTAINED**; and,

(2) a Judgment in favor of the Defendant shall issue contemporaneously herewith.

This June 9, 2005.



Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**